[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------------

No. 07-12504
Non-Argument Calendar

----------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00047-CR-001-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN KENTRAE KENDALL,
a.k.a. Sawed-Off,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
----------------------------------------------------------------

**(February 20, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Martin Kentrae Kendall appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Defendant was convicted of the firearm offense after a jury trial.[1] On appeal, Defendant raises a single issue: whether the district court committed reversible error when it denied his motion for a directed verdict of acquittal. According to Appellant, the evidence was insufficient as a matter of law to support his conviction.

To support conviction, the felon-in-possession offense requires the government to show beyond a reasonable doubt that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). Defendant stipulated that he was a convicted felon and acknowledges that the evidence at trial was undisputed that the weapon traveled in interstate commerce; Defendant disputes only the sufficiency of the evidence to show knowing possession of the firearm.

---

[1]The jury acquitted Defendant of one count of possession with intent to distribute "crack" cocaine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C), and for possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 922(c)(1).

The gravamen of Defendant's asserted insufficiency is claimed inconsistencies between the testimony of two officers, each of whom testified that he saw Defendant drop the firearm while being chased by the officers. According to Defendant, each officer claimed to have been in the lead in the chase and to have had an unobstructed view. Because Defendant asserts that it is physically impossible for each of these officers to have been in the lead at the same time, their testimony is conflicting, irreconcilable, incredible and incapable of supporting a finding of possession beyond a reasonable doubt.

Denial of a defendant's motion for judgment of acquittal is reviewed de novo drawing all reasonable inferences in the government's favor. United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). "For testimony to be considered incredible as a matter of law, it must be unbelievable on its face, i.e., testimony as to facts that the witness could not have possible observed or events that could not have occurred under the laws of nature." United States v. Thompson, 422 F.3d 1285, 1291 (2005) (internal quotation and citation omitted) (refusing to revisit a jury's credibility determination when adverse witnesses testified inconsistently).

Some inconsistency in the officers's testimony exists about details of the chase. Each officer was relating his observations while in hot pursuit of

3

Defendant.  Although each officer could not have been in the lead vís a vís the other at the very same time, the jury was free to draw reasonable inferences from their testimonies: each officer -- focused on overtaking Defendant -- could have been inaccurate about his relative position at any point in the chase without being inaccurate about the clarity of his view of Defendant and the dropped firearm. Such reasonable inferences belie Defendant's claim that the testimony was incredible as a matter of law due to physical impossibility.  No insufficiency of the evidence to support conviction has been shown.

**AFFIRMED.**